UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JEANINE KOCON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-13-PRC |
| | ) | |
| LAKE COUNTY SHERIFF'S | ) | |
| DEPARTMENT and LAKE | ) | |
| COUNTY COMMISSIONERS, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) a Motion for Partial Summary Judgment [DE 9], filed by Plaintiff Jeanine Kocon on June 14, 2006, and (2) a Motion to Withdraw Admissions by Defendant Lake County Sheriff's Department [DE 14], filed by Defendant Lake County Sheriff's Department ("Sheriff's Department") on August 4, 2006.

**PROCEDURAL AND FACTUAL BACKGROUND**

On December 13, 2005, Kocon filed a Complaint in the Lake Superior Court, alleging under 42 U.S.C. § 1983 that her civil rights were violated when a Lake Superior Court ordered her released from the Lake County Jail on January 9, 2004, and the Lake County Jail failed to release her until January 23, 2004.

On January 11, 2006, the Sheriff's Department filed a notice of removal in the United States District Court, Northern District of Indiana, Hammond Division. On January 25, 2006, the Sheriff's Department filed an Answer, denying the allegations in the Complaint.

1

On February 6, 2006, counsel for Kocon forwarded a Request to Admit directed to the Sheriff's Department, consisting of four requests for admission. The Request to Admit asked for admissions that:

1. Plaintiff was Court Ordered to be released from Lake County Jail on 1/9/04.

2. Plaintiff was actually released from Lake County Jail on 1/23/04.

3. There was no reason whatsoever to detain Plaintiff after 1/9/04.

4. Defendants had no reason to hold Plaintiff beyond January 9, 2004.

Pl. Br., Exh. 1.

On February 8, 2006, counsel for the Sheriff's Department emailed counsel for Kocon, indicating that, pursuant to Federal Rule of Civil Procedure 26(d), Kocon's Request to Admit was premature and that the Sheriff's Department would be responding to the Request to Admit thirty days after the parties' Rule 26(f) conference. This email was copied to three other individuals involved in this matter. That same day, the attorney for Kocon responded that the response time for the Request to Admit was acceptable.

On March 2, 2006, all counsel in this action participated in a telephonic Rule 16(b) preliminary pretrial conference with the undersigned Magistrate Judge. The discovery deadline was set for February 8, 2007, and the dispositive motion deadline was set for March 20, 2007.

After the conference, counsel for the Sheriff's Department failed to advise his staff to calendar a reminder to counsel to prepare a response by the Sheriff's Department to Kocon's outstanding request for admissions.

On June 14, 2006, Kocon filed the instant Motion for Partial Summary Judgment and a Memorandum in Support. This was counsel for the Sheriff's Department's first reminder that he had forgotten to respond to the Request to Admit.

On August 4, 2006, the Sheriff's Department filed a response to the Motion for Summary Judgment. In support of its response, the Sheriff's Department offered the affidavit of Kimberly R. Parker, a full-time Correctional Officer for the Lake County Jail and the current Jail Records Supervisor and keeper of all inmate records at the Lake County Jail. In her affidavit, Parker testified that on December 15, 2003, Kocon was booked into Lake County Jail for an alleged probation violation; that on January 23, 2004, Judge Moss issued an order for Jeanine Kocon to be released from the Lake County Jail on her own recognizance; that on January 23, 2004, Kocon was released from the Lake County Jail pursuant to the order of Judge Moss; and that Parker was unable to find any record of the Court issued on January 9, 2004, for the release of Kocon from the Lake County Jail.

Kocon did not file a reply in support of her Motion for Summary Judgment.

On August 4, 2006, the Sheriff's Department also filed the instant Motion to Withdraw Admissions. Kocon filed a response to the Motion to Withdraw Admissions on August 11, 2006, and the Sheriff's Department filed a reply on August 17, 2006.

Attached to the Motion to Withdraw Admissions is a copy of the Sheriff's Department's substantive response to Kocon's Request to Admit, served upon Kocon via U.S. mail and fax on August 4, 2006. In the response, the Sheriff's Department admitted that it released Kocon from the jail on January 23, 2004, but denies that any order for Kocon's release was issued or received by the jail until January 23, 2004.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate-in fact, is mandated-where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe. Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'-that is, pointing out to the

4

district court-that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1526 (7th Cir. 1990).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of the witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 447 U.S. at 249-50; *Doe*, 42 F.3d at 443.

**ANALYSIS**

In her Motion for Partial Summary Judgment, Kocon asks the Court to enter partial summary judgment in her favor on her claims of false imprisonment and unlawful confinement. On February 6, 2006, Kocon propounded Requests to Admit on the Defendants that went unanswered, and, as the Requests to Admit are deemed admitted pursuant to Federal Rule of Civil Procedure 36 based on the lack of response, the undisputed facts therein serve as the basis for her motion. In response to the Motion for Summary Judgment, the Sheriff's Department argues that there are genuine issues of material fact precluding summary judgment. In its Motion to Withdraw Admissions, the Sheriff's Department seeks to withdraw the admissions that are deemed admitted. Because a ruling on the Motion to Withdraw will affect the factual issues on summary judgment, the Court first addresses the Motion to Withdraw.

**A.  Motion to Withdraw Admissions**

Pursuant to Federal Rule of Civil Procedure 36(a), if a matter is requested to be admitted pursuant to that Rule, the party upon whom the request has been propounded must, within thirty days of service of the request, serve upon the party requesting the admission a written answer or objection addressed to the matter. *See* Fed. R. Civ. P. 36(a). If no such written answer or objection is served, Rule 36(a) provides that the matter is deemed admitted. *See id.*; *see also McCann v. Mangialardi,* 337 F.3d 782, 788 (7th Cir. 2003); *United States v. Kasuboski*, 834 F.2d 1345, 1349-50 (7th Cir. 1987) (providing that, under Rule 36(a), "a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted"). Furthermore, "admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary

6

judgment." *Kasuboski*, 834 F.2d at 1350 (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir.1985); *see also McCann*, 337 F.3d at 788. In her motion for summary judgment, Kocon argues that, because the Sheriff's Department did not respond to her Request to Admit, the admissions are deemed admitted under Rule 36(a) and may serve as the factual basis for her motion for summary judgment.

Although the preclusive effect of such admissions may lead to a seemingly unjust result on summary judgment, a party may attempt to counteract such a result by filing a motion with the Court asking to permit the withdrawal or amendment of the admissions. *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (citing Fed. R. Civ. P. 36(b); *Kasuboski*, 834 F.2d at 1349). According to Rule 36, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Rule 36(b) further provides that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id.*

It is pursuant to Rule 36(b) that the Sheriff's Department files its Motion to Withdraw Admissions, admitting that the response was untimely due to the forgetfulness of counsel for Sheriff's Department but arguing that such failure constitutes excusable neglect and was not part of any intentional scheme or plan to thwart discovery or to be dilatory in any manner. Moreover, the Sheriff's Department asserts that, as provided for in Rule 36(b), the presentation of the merits of this action will be subserved if the Sheriff's Department is not permitted to withdraw the admissions deemed admitted and provide complete responses. In response, Kocon argues that counsel's excuse

7

for failing to respond to the Request to Admit is insufficient and that she has lost valuable discovery time. She also asserts that the Sheriff's Department's August 4, 2006 denial of her Request to Admit does not refute the core fact that Kocon remained incarcerated fourteen days after she was ordered released.

Having considered Rule 36 and the relevant case law, the Court finds that the Sheriff's Department shall be permitted to withdraw the admissions that had been deemed admitted as a result of its failure to respond and shall be permitted to rely on the substantive responses to the Request to Admit served on Kocon on August 4, 2006. First, based on Parker's affidavit, the presentation of the merits of this action would be subserved by denying the withdrawal of admissions as Parker's testimony constitutes evidence contradictory to the four statements in Kocon's Request to Admit. Specifically, Parker testifies that there is no evidence in the records of the Lake County Jail of a January 9, 2006 order releasing Kocon. In addition, Parker's Affidavit serves as a factual predicate for the Sheriff's Department's August 4, 2006 response to the Request to Admit denying that Kocon was ordered released on January 9, 2004, and denying that there was not any reason to detain or hold Kocon after January 9, 2004. Finally, given that the discovery deadline in this matter is February 8, 2007, and the dispositive motion deadline is March 20, 2007, Kocon, "the party who obtained the admission," has failed to satisfy the Court that withdrawal will prejudice her in maintaining the action. *See* Fed. R. Civ. P. 36(b). Ample time remains to conduct further discovery and submit dispositive motions in this matter prior to the deadlines set by the Court.

## B.  Motion for Summary Judgment

In her motion for summary judgment, Kocon seeks a favorable ruling on her claims of false imprisonment and unlawful confinement.  "Under Indiana law, false imprisonment is defined as the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent."  *See Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003) (citing *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002)).  Kocon argues that, based on the admissions deemed admitted by the Sheriff's Department's failure to respond, there is no genuine issue of material fact that she was ordered to be released on January 9, 2004, but was not actually released until January 23, 2004.

However, in light of the Court granting the Sheriff's Department motion to withdraw those admissions and to respond to the Request to Admit, Kocon can no longer rely on the admissions to provide the factual basis for her Motion for Summary Judgment.  Moreover, in its response to summary judgment, the Sheriff's Department offers Parker's affidavit that there is no record of a January 9, 2004 order releasing Kocon in the records of the Lake County Jail but that an order for Kocon's release was issued January 23, 2004, and Kocon was released the same day by the Lake County Jail.  This evidence raises a genuine issue of material fact as to the date that Kocon was ordered released from the Lake County Jail and when the jail received the release order.  Accordingly, summary judgment in favor of Kocon at this stage of the proceedings on the evidence currently before the Court is inappropriate.

## CONCLUSION

Based on the foregoing , the Court **GRANTS** the Motion to Withdraw Admissions by Defendant Lake County Sheriff's Department [DE 14] and **DENIES** the Motion for Partial Summary Judgment [DE 9].  The Court **REAFFIRMS** all scheduled deadlines in this matter.

SO ORDERED this day 2nd day of October, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:  All counsel of record